JUDGE KOELTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

11 CIV 6089

ABDELMONTALAB M. SATI, individually
and on behalf of all other persons similarly
situated,

     Plaintiff,

   –against–

S.A.N.D. AUTOMOTICE WAREHOUSE,
LLC; and SAM ABARBANEL, jointly and
severally,

     Defendants.



## COMPLAINT AND JURY DEMAND

1. Plaintiff alleges on behalf of Plaintiff and other similarly situated current and former employees of the Defendants who elect to opt in to this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., that Plaintiff and the Collective Action Members are entitled to (i) unpaid minimum wages from Defendants for hours Plaintiff and the Collective Action Members worked for which Defendants did not pay Plaintiff and the Collective Action Members the full minimum wage; (ii) unpaid wages from Defendants for overtime work for which Defendants did not pay Plaintiff and the Collective Action Members overtime premium pay, as required by law; (iii) liquidated damages; and (iv) attorney's fees and costs of the action.

2. Plaintiff further alleges, pursuant to the New York Labor Law, Art. 6, §§ 190 et seq., and Art. 19, §§ 650 et seq. (collectively "NYLL"), that Plaintiff is entitled to (i) unpaid minimum wages from Defendants for hours Plaintiff worked for which Plaintiff was not paid the full minimum wage; (ii) unpaid wages from Defendants for overtime work for which Plaintiff

1

was not paid overtime premium pay, as required by law; (iii) liquidated damages; (iv) and attorney's fees and costs of the action.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. The Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Abdelmontalab M. Sati, the Plaintiff, is and has been at all relevant times an adult individual residing in Bronx County, New York.

7. Upon information and belief, the defendant S.A.N.D. Automotive Warehouse, LLC, is a New York business corporation with its principal place of business in Kings County, New York.

8. Upon information and belief, defendant Sam Abarbanel is an individual residing in Bergen County, New Jersey.

## COLLECTIVE ACTION ALLEGATIONS

9. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time since three years prior to the date of this complaint, to the entry of judgment in this case ("Collective Action Period"), who were non-exempt employees within the meaning of the FLSA

and who were not paid minimum wage, or overtime compensation at rates not less than one-half times the regular rate of pay for hours worked in excess of forty per workweek ("Collective Action Members").

10. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are approximately 20 members of the class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

11. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

12. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

13. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

  a. whether Defendants employed the Collective Action Members within the meaning of the FLSA;

  b. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

  c. whether Defendants failed to pay the Collective Action Members minimum wage compensation for hours worked, in violation of the FLSA and the regulations promulgated thereunder;

  d. whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

  e. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

  f. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

  g. whether Defendants should be enjoined from such violations of the FLSA in the future.

## STATEMENT OF FACTS

14. At all relevant times, Defendants operated a wholesale business at 59 15th Street, Brooklyn, New York.

15. At all relevant times, defendant Sam Abarbanel was the owner of S.A.N.D. Automotive Warehouse, LLC.

16. At all relevant times, defendant Sam Abarbanel was an individual who actively participated in the business of S.A.N.D. Automotive Warehouse, LLC, exercised substantial control over the functions of the employees of S.A.N.D. Automotive Warehouse, LLC, including Plaintiff and the Collective Action Members, and acted directly or indirectly in the interest of employers.

17. Approximately from March 25, 2010 through January 7, 2011, Plaintiff was employed as a delivery person for Defendants.

18. Plaintiff and the Collective Action Members each worked about 53.5 hours per week, six days per week, and were paid $3.00 for each order they delivered.

19. Defendants paid Plaintiff and the Collective Action Members less than the applicable minimum wage for many if not all of the hours Plaintiff and the Collective Action Members worked.

20. Plaintiff and the Collective Action Members worked in excess of 40 hours a week, yet Defendants willfully failed to pay Plaintiff and the Collective Action Members overtime compensation of one and one-half times the applicable minimum wage, in violation of the FLSA and the NYLL.

21. Upon information and belief, while Defendants employed Plaintiff, Defendants failed to maintain accurate and sufficient time records.

### FIRST CLAIM FOR RELIEF: FAIR LABOR STANDARDS ACT

22. Plaintiff, on behalf of himself and the Collective Action Members, realleges and incorporates by reference paragraphs 1 through 21 as if they were set forth again herein.

23. At all relevant times, Defendants have been and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

24. At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

25. Upon information and belief, at all relevant times, Defendant S.A.N.D. Automotive Warehouse, LLC, has had gross revenues in excess of $500,000.

26. Defendants willfully failed to pay Plaintiff and the Collective Action Members at the applicable minimum wage, contrary to the requirements of the FLSA, 29 U.S.C. § 206.

27. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff and the Collective Action Members for Plaintiff's and the Collective Action Members' hours worked in excess of forty hours per workweek.

28. As a result of Defendants' willful failure to lawfully compensate Plaintiff and the Collective Action Members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

29. Due to Defendants' FLSA violations, Plaintiff and the Collective Action Members are entitled to recover from Defendants Plaintiffs' and the Collective Action Members' unpaid minimum wage and overtime compensation, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

30. As a result of Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to

make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

31. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

### SECOND CLAIM FOR RELIEF: NEW YORK LABOR LAW

32. Plaintiff realleges and incorporates by reference paragraphs 1 through 31 as if they were set forth again herein.

33. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

34. At all relevant times, the applicable minimum wage was $7.25, according to N.Y. Labor Law § 652(1).

35. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff the applicable minimum wage for many if not all of the hours Plaintiff worked, in violation of New York Labor Law § 592(1).

36. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at a rate not less than one and one-half times the applicable minimum wage for each hour Plaintiff worked in excess of forty hours per workweek.

37. Defendants' NYLL violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

38. Due to the Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants Plaintiff's unpaid minimum wage and overtime compensation, liquidated damages, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL.

PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and the Collective Action Members, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

c. An injunction against the Defendant corporation and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. An award of unpaid minimum wage and overtime compensation due under the FLSA;

e. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

f. An award of unpaid minimum wage and overtime compensation due under the NYLL;

g. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wage and overtime compensation pursuant to the NYLL;

h. An award of prejudgment and postjudgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, behalf of himself and the Collective Action Members, demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
August 29, 2011

LAW OFFICE OF JUSTIN A. ZELLER, P.C.

By: _____
Brandon D. Sherr (BS2680)
bsherr@zellerlegal.com
Justin A. Zeller (JZ7094)
jazeller@zellerlegal.com
277 Broadway Ste 408
New York, NY 10007-2036
Telephone: (212) 229-2249
Facsimile: (212) 229-2246
**ATTORNEYS FOR PLAINTIFF**

IN THE UNITED STATES DISTRICT COURT FOR THE
__Southern__ DISTRICT OF __New York__

Abdelmontalab M. Sati,
Individually and on behalf of others similarly situated,

Plaintiff,

v.

S.A.N.D. Automotive Warehouse, LLC;
and Sam Abarbanel; jointly and severally
Defendant(s).

### NOTICE OF CONSENT TO JOIN

Pursuant to 29 U.S.C. § 216(B), I, __Abdelmontalab Sati__, consent to become a party plaintiff in this action.

__Abdelmontalab M. Sati__
Printed Name

_____
Signature

__8/30/2011__
Date